09-2704-cr
United States v. Regensberg

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June, two thousand and ten.

PRESENT:
>           RALPH K. WINTER,
>           PETER W. HALL,
>                   *Circuit Judges*,
>           MIRIAM GOLDMAN CEDARBAUM,
>                   *District Judge*.*

_____

UNITED STATES,

>                   *Appellee*,

>           v.                                              Docket No.   09-2704-cr

HAYIM REGENSBERG,

>                   *Defendant-Appellant*.

_____

---

\* The Honorable Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:          Darrell B. Fields, New York, NY.

FOR APPELLEE:           MICHAEL LEVY, Assistant United States Attorney, (Joan M. Loughnane, Marc P. Berger, Assistant United States Attorneys, of counsel, *on the brief*) for Preet Bharara, United States Attorney for the Southern District of New York.

Appeal from a judgment of conviction of the United States District Court for the Southern District of New York (Marrero, J.), sentencing appellant Hayim Regensberg principally to one hundred months incarceration.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Hayim Regensberg appeals from the June 22, 2009 judgment of conviction of the United States District Court for the Southern District of New York (Marrero, J.), sentencing Regensberg principally to one hundred months' incarceration. Regensberg was convicted, following a jury trial, on two counts of securities fraud and five counts of wire fraud. At sentencing, the district court determined that the two-level sophisticated means enhancement of § 2B1.1(b)(9)(C) of the United States Sentencing Guidelines ("Guidelines") applied to Regensberg's crimes. *United States v. Regensberg*, 635 F. Supp. 2d 306 (S.D.N.Y. 2009). We assume the parties' familiarity with the facts, procedural history, and issues on appeal. For the following reasons, we affirm.

In calculating Regensberg's appropriate sentence under the advisory Guidelines, the district court imposed a two-level enhancement under U.S.S.G. § 2B1.1(b)(9)(C), which applies where the offense "involved sophisticated means." Regensberg challenges

2

this enhancement. Regensberg also challenges the substantive reasonableness of his sentence. "When a defendant challenges the district court's *interpretation* of a Guidelines provision, we review this interpretation of the Guidelines—just as we would review the interpretation of any law—*de novo*." *United States v. Hasan*, 586 F.3d 161, 168 (2d Cir. 2009) (citing *United States. v. Hertular*, 562 F.3d 433, 449 (2d Cir. 2009) ("In general, we review a district court's determination that a defendant deserves a[n] . . . enhancement . . . *de novo* . . . .")). [1] We review the district court's sentencing for "unreasonable[ness]." *United States v. Booker*, 543 U.S. 220, 261 (2005). A sentence must be both procedurally and substantively reasonable. *United States v. Crosby*, 397 F.3d 103, 114-15 (2d Cir. 2005). We consider each of these prongs under an abuse of discretion standard. *Gall v. United States*, --- U.S. ---, ---, 128 S.Ct. 586, 597 (2007). We review the reasonableness of a sentence for abuse of discretion and will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Rigas*, 583 F.3d 108, 122 (2d

---

[1] The government urges the Court to apply clear error review to our review of the district court's determination that the sophisticated means enhancement applies, as we have done when reviewing a district court's determination of whether a role adjustment applies. *See United States v. Gotti*, 459 F.3d 296, 349 (2d Cir. 2006) ("[A]s a general matter, in determining the appropriate standard of review for a district court's application of the Guidelines to the specific facts of a case, we should follow an 'either/or approach,' adopting a *de novo* standard of review when the district court's application determination was primarily legal in nature, and adopting a 'clear error' approach when the determination was primarily factual."); *see id.* at 349-50 (applying clear error review where the district court's application of a role adjustment to the facts of the case presented an issue that is predominantly factual). We need not reach this issue because we decide that even under *de novo* review the district court did not err in applying a sophisticated means enhancement in this case.

3

Cir. 2009) (internal quotations marks omitted). In examining the substantive reasonableness of a sentence, "we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc).

Regensberg argues that his sentence is procedurally unreasonable because the sophisticated means enhancement should not have been applied. The commentary to the Guidelines defines sophisticated means as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. § 2B1.1(b)(9)(C), n.8. Here, the record shows that Regensberg conducted a complex and sophisticated scheme, including the creation of fraudulent loan documents, detailed reporting of fake earnings, use of Ponzi scheme payments to lull his investors, and alteration of an account statement to make it appear as if he had not lost his investors' money. *See United States v. Jackson*, 346 F.3d 22, 25 (2d Cir. 2003) ("[E]ven if each step in the scheme was not elaborate, the total scheme was sophisticated in the way all the steps were linked together. . .."); *United States v. Lewis*, 93 F.3d 1075, 1083 (2d Cir. 1996) (holding, in tax case, that the sophisticated means enhancement applied even when "each step in the planned tax evasion was simple, [because] when viewed together, the steps comprised a plan more complex than merely filling out a false tax return."). As in *Lewis*, Regensberg's offense conduct, which he perpetuated for three years, was the sort of "repetitive conduct . . . [that] demonstrates that more than routine planning was

4

involved." 93 F.3d at 1083. We agree with the district court that a two-level enhancement for sophisticated means is appropriate.

Regensberg also argues that his sentence is substantively unreasonable, claiming that it is an unreasonable punishment in light of the factors set forth in 18 U.S.C. § 3553(a). We find no basis for concluding that the prison term imposed is unreasonable, given that the district court's extensive articulation of the reasons for the prison term imposed is more than sufficient to show that the court considered the Guidelines and the required § 3553 factors. The district court was therefore reasonable in imposing Regensberg's sentence.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk